United States District Court
Southern District of Texas
**ENTERED**
March 27, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEROY M. GIPSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:18-CV-1750 |
| | § | |
| NANCY A. BERRYHILL, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER
## ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

Plaintiff Leroy M. Gipson ("Plaintiff") filed this suit seeking review of the denial of supplemental security income under Title XVI of the Social Security Act ("the Act"). ECF No. 1.[1] The Parties filed cross-motions for summary judgment. ECF Nos. 8, 9. Based on the briefing and the record, the Court DENIES Plaintiff's motion, GRANTS Defendant Nancy A. Berryhill's ("Commissioner") motion, and DISMISSES the action with prejudice.

### I.   BACKGROUND

Plaintiff is a 56-year-old man who owned a home-repair business until 2011. R. 49, 127. Plaintiff has been unable to work since he suffered a stroke on August 29, 2011. R. 49, 478-487.

---

[1] On July 23, 2019, the case was transferred to this Court to conduct all proceedings pursuant to 28 U.S.C. § 636(c). ECF No. 6.

On April 5, 2013, Plaintiff filed an application under Title XVI, seeking benefits beginning on August 29, 2011 based on his stroke, hypertension, and high cholesterol. R. 381, 407.[2] On May 2, 2013, the Commissioner denied his claims under Title XVI. R. 165. Plaintiff requested reconsideration on June 27, 2013, R. 171, and the Commissioner again denied his claims, R. 175. On October 9, 2013, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). R. 180. ALJ Mark Dowd conducted a hearing on June 27, 2014. R. 81-117. On August 29, 2014, ALJ Dowd denied Plaintiff's application for benefits. R. 142-151.

On September 12, 2014, Plaintiff requested the Appeals Council to review the ALJ's decision. R. 247. On September 29, 2015, the Appeals Council remanded Plaintiff's case because ALJ Dowd did not evaluate the opinion of Dr. George Lazar ("Dr. Lazar"), who had performed a psychological consultative exam on Plaintiff on January 9, 2012. R. 158-159. ALJ Caroline Beers then conducted a second hearing on June 2, 2016. R. 42-80. Byron J. Pettingill, a vocational expert ("VE"), and Alfred Jonas and Albert I. Oguejiofor, two medical experts ("ME"), testified at the hearing.

---

[2] There are two relevant time periods: (1) August 29, 2011—Plaintiff's alleged onset date—through August 29, 2014—the date of the first ALJ decision, which was later remanded by the Appeals Council; and (2) August 30, 2014 through August 12, 2016—the date of the second ALJ decision. R. 13. The Court will consider medical evidence outside this period to the extent it demonstrates whether Plaintiff was under a disability during the relevant time frame. *See Williams v. Colvin*, 575 F. App'x 350, 354 (5th Cir. 2014); *Loza v. Apfel*, 219 F.3d 378, 396 (5th Cir. 2000).

R. 47-65, 69-79. Plaintiff also testified. R. 65-69. On August 12, 2016, ALJ Beers denied Plaintiff's application for benefits. R. 13-36.[3]

On August 17, 2016, Plaintiff requested the Appeals Council to review ALJ Beers's decision. R. 380. On March 26, 2018, the Appeals Council denied Plaintiff's request for review. R. 1-5; *see Sims v. Apfel*, 530 U.S. 103, 106 (2000) (explaining that when the Appeals Council denies the request for review, the ALJ's opinion becomes the final decision).

On May 25, 2018, Plaintiff filed this civil action. ECF No. 1. In this appeal, Plaintiff asserts that ALJ Beers erred by failing to follow the Appeals Council's directive for evaluating Dr. Lazar's opinion on remand and by failing to apply the

---

[3] The ALJ determined Plaintiff was not disabled at Step Five. At Step One, the ALJ found that Plaintiff has not engaged in substantial gainful activity since April 5, 2013. R. 15. At Step Two, the ALJ found Plaintiff has the following medically determinable and severe impairments: stroke with residual peripheral neuropathy in the right foot, hypertension, depression, cognitive/learning disability, and substance abuse (alcohol and cocaine) in remission. R. 16. The ALJ also found that Plaintiff's left wrist ganglion cyst, hyperlipidemia, degenerative joint disease of the right foot, vision disturbance, and obesity were not severe and that Plaintiff's right hand swelling, worsening eyesight, breathing difficulties, and prostate cancer were not medically determinable impairments. R. 16. At Step Three, the ALJ found Plaintiff's impairments or combination of impairments do not rise to the level of severity of impairments in the listings associated with central nervous system vascular accident (Listing 11.04), peripheral neuropathy (Listing 11.14), hypertension (Listing 4.00), organic mental disorder (Listing 12.02), or other mental impairments (Listings 12.04, 12.05, 12.09). R. 17-20. The ALJ found Plaintiff has the Residual Functional Capacity ("RFC") to perform medium work, except that Plaintiff can understand, remember, and carry out only simple instructions; perform routine tasks consistent with SVP2 entry level work; and perform tasks with only simple math and spelling requirements. R. 20-34. However, Plaintiff cannot perform fast-paced production work. R. 20. At Step Four, the ALJ found that Plaintiff is not capable of performing past relevant work as a construction worker. R. 34. However, at Step Five, the ALJ found that there are other jobs that exist in significant numbers in the national economy that Plaintiff could perform, such as laundry worker, janitorial worker, or warehouse worker, and therefore Plaintiff is not disabled as defined under the Social Security Act. R. 35-36.

correct legal standard in determining Plaintiff's mental residual functional capacity ("RFC").

## II. STANDARD OF REVIEW

The Social Security Act provides for district court review of any final decision of the Commissioner that was made after a hearing in which the claimant was a party. 42 U.S.C. § 405(g). In performing that review:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner …, with or without remanding the cause for a rehearing. The findings of the Commissioner … as to any facts, if supported by substantial evidence, shall be conclusive[.]

*Id*. Judicial review of the Commissioner's decision denying benefits is limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards were applied. *Id*.; *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). It is "more than a scintilla but less than a preponderance." *Id*.

A reviewing court may not reweigh the evidence in the record, nor try the issues *de novo*, nor substitute its judgment for that of the Commissioner, even if the evidence preponderates against the Commissioner's decision. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). Even so, judicial review must not be "so obsequious as to be meaningless." *Id*. (quotations omitted). The "substantial evidence" standard

is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings. *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985); *Singletary v. Brown*, 798 F.2d 818, 822-23 (5th Cir. 1986). Rather, a reviewing court must scrutinize the record as a whole, taking into account whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Id*. A court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014).

## III. ANALYSIS OF PLAINTIFF'S CHALLENGES TO THE ALJ'S DECISION

Plaintiff argues the ALJ: (1) erred by ignoring the Appeals Council's remand order regarding treatment of Dr. Lazar's opinion, and instead improperly relied on Dr. Jonas's testimony regarding Plaintiff's mental impairments; and (2) applied the incorrect legal standard in determining Plaintiff's mental RFC by failing perform a function-by-function assessment of work-related mental activities, as required by 20 C.F.R. § 404.1545(c). ECF No. 8 at 5-6.

### A. The ALJ Did Not Err In Evaluating Dr. Lazar's Opinion Or In Weighing Other Opinion Evidence In The Record.

Plaintiff argues the ALJ erred in relying on Dr. Jonas's testimony, rather than Dr. Lazar's psychological testing and report, regarding the cognitive losses Plaintiff

suffered after his stroke. ECF No. 8 at 5.[4] Plaintiff appears to argue that, because Dr. Jonas is a psychiatrist rather than a psychologist, the ALJ's reliance on his opinion could not have led to a decision based on substantial evidence. *Id.*[5] Commissioner argues that the task of weighing Dr. Jonas and Dr. Lazar's opinions falls on the ALJ. ECF No. 9 at 6. The Court agrees with Commissioner.

An ALJ must consider all medical opinions in determining whether a claimant is disabled. 20 C.F.R. § 404.1527(b). While an ALJ is required to give controlling weight to a treating physician's opinion absent good cause, *Newton v. Apfel*, 209 F.3d 448, 455-56 (5th Cir. 2000), no such requirement exists as to the medical opinions of non-treating sources. *Baker v. Berryhill*, No. 18-CV-686, 2019 WL 4418439, at *5 (N.D. Tex. Apr. 11, 2019), *report and recommendation adopted*, 2019 WL 2865045 (July 3, 2019). Generally, greater weight is afforded to medical sources that have examined the claimant and to medical opinions of a specialist in his or her area of expertise. 20 C.F.R. § 404.1527(c); *Jones v. Colvin*, No. 14-CV-

---

[4] Plaintiff frames his argument around the ALJ's failure to follow the Appeals Council's remand order. ECF No. 8 at 5. However, this could not be an error in itself. *Henderson v. Colvin*, 520 F. App'x 268, 273 (5th Cir. 2013). "[T]he clear rule is that remand is warranted only where the ALJ's decision fails to apply the proper legal standard or the decision is not supported by substantial evidence." *Id.* The Court will, therefore, analyze Plaintiff's underlying argument.

[5] Plaintiff's briefing on this issue is inadequate. His argument is unclear, containing almost no analysis, and he fails to cite any relevant law. As a result, the Court could deem the argument waived. *See, e.g.*, *Kenny v. Colvin*, No. 15-CV-509, 2016 WL 1369592, at *5 (W.D. Tex. Apr. 6, 2016) (finding plaintiff in a social security appeal waived an issue due to inadequate briefing); *Watson v. Astrue*, No. 12-CV-315, 2013 WL 6662828, at *2 (E.D. Tex. Dec. 17, 2013) (same). Nonetheless, the Court attempts to interpret Plaintiff's argument and address it below.

160, 2015 WL 5836329, at *3 (N.D. Tex. Sept. 24, 2015), *report and recommendation adopted*, 2015 WL 5836261 (Oct. 2, 2015). However, "the ALJ has sole responsibility for determining a claimant's disability status and is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Locke v. Massanari*, 285 F. Supp. 2d 784, 794 (S.D. Tex. 2001) (citing *Newton*, 209 F.3d at 453); *see Ramirez v. Colvin*, 606 F. App'x 775, 779 (5th Cir. 2015) ("The ALJ is entitled to determine the credibility of medical experts . . . and weigh their opinions accordingly.") (quotations omitted).

Here, Dr. Lazar, a clinical psychologist, evaluated Plaintiff on January 9, 2012 and completed a psychological report. R. 489-495. Dr. Lazar noted that Plaintiff had limited vocabulary, subpar memory, and difficulty understanding instructions. R. 491-92. He administered several psychological tests[6] and diagnosed Plaintiff with cognitive disorder, mood disorder, history of polysubstance dependence, and borderline intellectual functioning. R. 494. Dr. Lazar opined that Plaintiff had cognitive and emotional issues due to his recent stroke but found his long-term prognosis could be favorable if Plaintiff participated in rehabilitative therapy and

---

[6] R. 493 (Wechsler Adult Intelligence Scale test (WAIS-IV)) (finding Plaintiff had a full scale IQ of 67); R. 493-494 (Wide Range Achievement Test (WRAT4)) (scoring Plaintiff at grade 10.2 in reading, 3.9 in spelling, and 2.2 in arithmetic); R. 494 (Wechsler Memory Scale (WMS-III)) (finding Plaintiff had below-average memory).

avoided substance abuse.[7]

Dr. Jonas, a psychiatric expert, testified as an ME at Plaintiff's administrative hearing. R. 47-60. Dr. Jonas based his opinion on a review of the record, as well as questions he posed directly to Plaintiff before testifying. R. 48-49. Dr. Jonas recognized Plaintiff's cognitive deficits, but testified that they were not dramatic and found that Plaintiff could understand, remember, and carry out simple instructions; maintain two hours of concentration, persistence, and pace; and did not have functional limitations with respect to interactions with supervisors, co-workers, or the public. R. 53, 56-57. Dr. Jonas did not opine on the validity of Dr. Lazar's findings but did recognize that a subsequent state examination performed by Dr. Shelia Jenkins ("Dr. Jenkins"), a licensed psychologist, on September 3, 2013 found Plaintiff's cognition and intellect to be normal. R. 54.[8]

The ALJ weighed each of the opinions described above. Contrary to Plaintiff's contention, however, she did not credit Dr. Jonas' opinion over Dr. Lazar's opinion; she credited *Dr. Jenkins's* opinion over Dr. Lazar's opinion because Dr. Lazar evaluated Plaintiff only four months after his stroke. R. 24. Dr. Jenkins, on the other hand, evaluated Plaintiff two years after the stroke and

---

[7] R. 495 (finding Plaintiff's prognosis was "guarded to fair" but that "his longer-term prognosis could be somewhat more favorable").

[8] Dr. Jenkins diagnosed Plaintiff with Major Depressive Disorder that could affect his ability to engage in substantial gainful activity. R. 544. Dr. Jenkins found that Plaintiff's speech, memory, and concentration were normal. R. 542-543. She did not make any cognitive diagnoses.

8

found he had no cognitive or intellectual deficits. R. 24. In fact, the ALJ assigned Dr. Jonas' opinion only partial weight, particularly as it pertained to psychological testing, "because he is not a licensed psychologist." R. 32-33. The ALJ only credited Dr. Jonas' psychological findings to the extent they were consistent with well-accepted principles. R. 32-33.

The ALJ's evaluation of opinion evidence was within reason and supported by substantial evidence. Dr. Lazar was not a treating physician, and thus the ALJ was not required to afford his opinion controlling weight absent good cause. *See, e.g.*, *Jackson v. Saul*, No. 19-CV-289, 2019 WL 6970987, at *8 (N.D. Tex. Nov. 20, 2019) ("Dr. Gleaves is classified as a non-treating source . . . and the ALJ was only required to consider Dr. Gleaves' opinion as medical evidence to be weighed."), *report and recommendation adopted*, 2019 WL 6915689 (Dec. 19, 2019). Dr. Lazar and Dr. Jenkins are both psychologists and both examined Plaintiff; thus, the ALJ was not required to give one opinion more weight than the other. *See* 20 C.F.R. § 404.1527(c). It is the ALJ's job to resolve any conflicts in the evidence, *Ramirez*, 606 F. App'x at 779, and it was reasonable to give the more recent opinion of Dr. Jenkins greater weight. Plaintiff's argument is, therefore, without merit. *See, e.g.*, *Jones*, 2015 WL 5836329, at *3-4 (finding ALJ properly weighed opinions of

non-treating medical sources and thus his opinion was supported by substantial evidence).[9]

### B. The ALJ Erred In Analyzing Plaintiff's Mental RFC. However, Remand Is Not Warranted Because Plaintiff Failed To Show Prejudice.

Plaintiff argues the ALJ failed to consider all of the work-related mental activities required by 20 C.F.R. § 404.1545(c)—namely, the ability to make simple work-related decisions; respond appropriately to supervisors, co-workers, and work situations; and deal with routine changes in work settings—in determining Plaintiff's mental RFC. ECF No. 8 at 6. Commissioner argues the ALJ is not required to explicitly consider or make findings regarding these work-related mental activities. ECF No. 9 at 7. The Court agrees with Plaintiff that the ALJ erred but concludes Plaintiff did not meet his burden of demonstrating prejudice resulting from this error.

#### 1. The ALJ erred because she failed to analyze Plaintiff's ability to use judgment in making work-related decisions and deal with changes in a routine work setting.

In evaluating a plaintiff's mental impairment, the ALJ must follow the procedure set forth in 20 C.F.R. § 404.1520a (2011). Section 404.1520a requires an

---

[9] The record contains a third psychological evaluation by Dr. James Thompson ("Dr. Thompson"), R. 682-687, who the ALJ incorrectly refers to as "Dr. Johnson." R. 28-30. Dr. Thompson, who evaluated Plaintiff on May 16, 2016, found Plaintiff had substantial cognitive impairment that "would preclude adequate functioning in a competitive work environment" and cause Plaintiff to have "great difficulty understanding instructions and remembering to carry out his work responsibilities." R. 687. However, the ALJ afforded Dr. Thompson's opinion little weight because the evaluation was arranged by Plaintiff's attorney and was unsupported by the record. R. 30. Plaintiff does not argue the ALJ improperly discredited Dr. Thompson's opinion.

10

ALJ, at Step Two, to evaluate the impact of plaintiff's mental impairment on four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. 20 C.F.R. § 404.1520a(c)(3); *Otte v. Comm'r, Soc. Sec. Admin.*, No. 08-CV-2078, 2010 WL 4363400, at *6 (N.D. Tex. Oct. 18, 2010), *report and recommendation adopted*, 2010 WL 4318838 (Oct. 27, 2010). These four broad functional areas, known as the "paragraph B" criteria, are used to determine whether a plaintiff's mental impairment is severe. *Otte*, 2010 WL 4363400, at *6. If a plaintiff's mental impairment is severe but does not meet a listing at Step Three, the ALJ is then required to assess the plaintiff's RFC. 20 C.F.R. § 404.1520a(d)(3); *Jones v. Astrue*, No. 11-CV-3416, 2013 WL 1293900, at *16 (N.D. Tex. Mar. 7, 2013), *report and recommendation adopted*, 2013 WL 1296503 (Mar. 29, 2013).[10]

"Before making an RFC determination, however, the ALJ must perform a function-by-function assessment of the claimant's capacity to perform sustained work-related physical and mental activities[.]" *Jones*, 2013 WL 1293900, at *16; *see* SSR 96-8P, 1996 WL 374184, at *1.[11] The function-by-function analysis requires a

---

[10] "[RFC] is defined as the most that a person can still do despite recognized limitations." *Tatum v. Berryhill*, No. 16-CV-3488, 2018 WL 1399175, at *9 (N.D. Tex. Feb. 26, 2018) (citing 20 C.F.R. § 404.1545(a)(1)), *report and recommendation adopted*, 2018 WL 1383336 (Mar. 19, 2018).

[11] "Without the initial function-by-function assessment of the individual's . . . mental capacities, it may not be possible to determine whether the individual is able to do past relevant work at step four or perform other types of work at step five." *Jones*, 2013 WL 1293900, at *16 (quotations

11

more detailed assessment of the paragraph B criteria and specific consideration of a plaintiff's ability to: "[(1)] understand, carry out, and remember instructions; [(2)] use judgment in making work-related decisions; [(3)] respond appropriately to supervision, co-workers and work situations; and [(4)] deal with changes in a routine work setting." SSR 96-8P, 1996 WL 374184, at *6; *see* 20 C.F.R. § 404.1545(c) (2012). An ALJ's reliance on a medical examiner's function-by-function analysis of the work-related mental activities, however, is sufficient. *McCain v. Colvin*, No. 12-CV-4001, 2013 WL 6578996, at *3 (N.D. Tex. Dec. 13, 2013) (citing *Beck v. Barnhart*, 205 F. App'x 207, 213-14 (5th Cir. 2006)).

Here, the ALJ did not conduct a function-by-function analysis of each work-related mental activity, nor did she rely on a medical consultant that did. While the ALJ found that Plaintiff can understand, remember, and carry out only simple instructions[12] and addressed Plaintiff's ability to interact with supervisors, co-workers, and the public,[13] she did not analyze Plaintiff's ability to use judgment in

---

and alterations omitted); *see also* SSR 96-8P, 1996 WL 374184, at *4 ("[F]ailure to first make a function-by-function assessment of the individual's limitations or restrictions could result in the adjudicator overlooking some of an individual's limitations or restrictions.").

[12] Plaintiff does not argue the ALJ failed to consider his ability to understand, carry out, and remember instructions. ECF No. 8 at 6.

[13] R. 32 (noting Dr. Jonas found that Plaintiff had no social interaction limitations); R. 30 (noting Dr. Thompson found Plaintiff's mood disturbance and anxiety would make it difficult to relate to supervisors and co-workers, but affording that opinion little weight because the examination was arranged by Plaintiff's attorney). *See also* R. 56-57 (questioning Dr. Jonas at the hearing about Plaintiff's ability to interact with supervisors, co-workers, and the public).

making work-related decisions or deal with changes in a routine work setting. Neither of the state agency psychological consultants performed a mental RFC, let alone a function-by-function analysis, for their Disability Determination Explanations. R. 118-137. The same is true for the other medical consultants.[14] The ALJ, therefore, erred. *See, e.g.*, *Newbauer v. Colvin*, No. 14-CV-3548, 2016 WL 1090665, at *12 (N.D. Tex. Mar. 21, 2016) (finding ALJ erred by failing to perform a function-by-function analysis of plaintiff's mental work-related activities and failing to rely on a medical consultant who did); *Jones*, 2013 WL 1293900, at *17 (same); *Owen v. Astrue*, No. 10-CV-1439, 2011 WL 588048, at *15 (N.D. Tex. Feb. 9, 2011) (same).[15]

## 2. Plaintiff failed to demonstrate the ALJ's error caused prejudice, and thus remand is not warranted.

"Procedural perfection in administrative proceedings is not required, and the Court will not vacate the ALJ's decision unless Plaintiff can show that his substantial

---

[14] Dr. Jonas did not testify to Plaintiff's ability make work-related decisions or adapt to changes in a routine work setting. R. 47-60. Dr. Jenkins evaluated Plaintiff's personal judgment and adaptive behaviors, but not as they relate to a work setting. R. 543-544. Any discussion of the work-related mental activities in Dr. Lazar and Dr. Thompson's reports do not suffice, as the ALJ gave their findings little weight. *See McCain*, 2013 WL 6578996, at *4 ("[T]he ALJ explicitly rejected Dr. Meyer's analysis of Plaintiff's mental work-related activities.... The ALJ therefore did not base her RFC assessment on Dr. Meyer's report and committed error in failing to conduct her own function-by-function analysis of Plaintiff's mental work-related activities.").

[15] None of the medical consultants filled out the mental RFC assessment form, SSA-4734-F4-SUP. Commissioner's argument that an ALJ is not required to make findings pertaining to Section I of this form, *see* ECF No. 9 at 7-8, is therefore misplaced.

rights were affected." *McCain*, 2013 WL 6578996, at *4 (citing *Mays v. Bowen*, 837 F.2d 1362, 1363-64 (5th Cir. 1988)). Remand for failure to comply with SSR 96-8P, therefore, requires a showing of prejudice. *Id.*; *see also McMillian v. Colvin*, No. 12-CV-661, 2014 WL 61172, at *10 (N.D. Tex. Jan. 6, 2014). "Errors are considered prejudicial when they cast doubt on the existence of substantial evidence in support of the ALJ's decision. Accordingly, to establish prejudice warranting remand, Plaintiff must show that consideration of . . . the work-related mental activities listed in SSR 96-8p might have led to a different decision." *McCain*, 2013 WL 6578996, at *4 (quotations and citations omitted).

Plaintiff bears the burden of demonstrating prejudice. *Jones v. Astrue*, 691 F.3d 730, 734-35 (5th Cir. 2012). However, he points to no evidence showing that an adequate function-by-function analysis might have led to a different decision. In fact, Plaintiff does not even argue that the ALJ's error affected the decision in any way. Nonetheless, this is not a case where we have a treating expert opining that Plaintiff was limited in some of those functions or other evidence related to them. *See, e.g.*, *Jones*, 2013 WL 1293900, at *19 (remanding when ALJ failed to conduct a function-by-function assessment *and* there was evidence plaintiff was limited in those functions); *Chavira v. Astrue*, No. 11-CV-262, 2012 WL 948743, at *23 (S.D. Tex. Feb. 29, 2012) (noting plaintiff failed to provide evidence of her inability to perform sedentary work when arguing the ALJ erred by not conducting a function-

by-function analysis), *report and recommendation adopted*, 2012 WL 951505 (Mar. 19, 2012).[16] To the contrary, none of the opinions the ALJ deemed up-to-date and credible show Plaintiff has issues in making work-related decisions or adapting to routine work changes.[17] Plaintiff has not demonstrated prejudice as required for remand.

IV. CONCLUSION

Therefore, the Court DENIES Plaintiff's motion for summary judgment, ECF No. 8, GRANTS Commissioner's motion for summary judgment, ECF No. 9, and AFFIRMS the ALJ's decision. Plaintiff's claims are DISMISSED WITH PREJUDICE.

Signed at Houston, Texas, on March 27, 2020.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**

---

[16] Plaintiff also argues the ALJ erred by failing to assess Plaintiff's mental abilities critical for performing unskilled work, as laid out in the Administration's Program Operations Manual System ("POMS"). ECF No. 8 at 6; *see* DI 25020.010 Mental Limitations, https://secure.ssa.gov/apps10/poms.nsf/lnx/0425020010 (last visited Mar. 19, 2020). This could constitute error. *See Maldonado v. Astrue*, No. 09-CV-41, 2010 U.S. Dist. LEXIS 83761, at *12-14 (S.D. Tex. Aug. 13, 2010). However, "failure to follow the POMS is not legal error" and a plaintiff must demonstrate prejudice to warrant reversal. *Cornish v. Colvin*, No. 13-CV-2, 2014 WL 1330308, at *11 (M.D. La. Mar. 31, 2014); *see also Nino v. Berryhill*, No. 17-CV-100, 2018 WL 889454, at *7 (N.D. Tex. Jan. 29, 2018), *report and recommendation adopted*, 2018 WL 895601 (Feb. 13, 2018). Plaintiff made no attempt to do so.

[17] R. 541-544 (Dr. Jenkins's Report); R. 47-60 (Dr. Jonas's testimony).